1  ANNE M. VOIGTS (State Bar No. 220783)
   avoigts@kslaw.com
2  KING & SPALDING LLP
   601 S. California Avenue, Suite 100
3  Palo Alto, CA 94304
   Telephone: (650) 422-6700
4  Facsimile: (650) 422-6800

5  S. STEWART HASKINS (*pro hac vice* forthcoming)
   shaskins@kslaw.com
6  MISTY L. PETERSON
   mpeterson@kslaw.com (*pro hac vice* forthcoming)
7  KING & SPALDING LLP
   1180 Peachtree Street NE, Suite 1600
8  Atlanta, GA 30309-3521
   Telephone: (404) 572-4600
9  Facsimile: (404) 572-5100

10 Attorneys for Defendants
   HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MIKE CLARK-ALONSO, individually and on behalf of a class similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. a Delaware Corporation, d/b/a/ The Home Depot and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:22-cv-7487<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL**<br><br>(San Francisco County Superior Court Case No. CGC22602499)<br><br>Complaint Filed:  October 19, 2022<br>Removal Filed:   November 28, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF IN PRO PER:**

**PLEASE TAKE NOTICE THAT**, Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby files this Notice of Removal of this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this case may be properly removed to this Court:

### PROCEDURAL HISTORY

1. Home Depot has been sued in a civil action entitled *Mike Clark-Alonso, individually and on behalf of a class of similarly situated individuals, v. Home Depot U.S.A., Inc., and Does 1 through 100, inclusive*, Case No. CGC22602499, in the Superior Court of the State of California, County of San Francisco (the "State Court Action").

2. Plaintiff's Complaint was filed on October 19, 2022, and was served on Home Depot on October 28, 2022.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings on file with the Superior Court of the State of California, County of San Francisco, are attached hereto as **Exhibits A-E**. *See* Declaration of Anne Voigts, ¶ 3-7, Ex. A-E. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Superior Court of California, County of San Francisco.

4. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Home Depot has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**I.     HOME DEPOT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

5. Plaintiff served Home Depot with the Complaint on October 28, 2022. *See* Complaint. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty days after receipt through service of the Complaint. *See* 28 U.S.C. §

1446(b)(1) (establishing a deadline for removal of 30 days after service).

6. As of the date of this removal, no proceedings have occurred in the Superior Court of California, County of San Francisco. Home Depot has not filed a responsive pleading to the Complaint. Home Depot reserves all rights to assert any and all defenses to the Complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal.

7. Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the Northern District of California. The Superior Court of California, County of San Francisco, is located within the District of Northern California, and this matter should be assigned to the San Francisco or Oakland division under Local Rule 3-2(c), (d). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such an action is pending." *See* 28 U.S.C. § 1441(a).

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D).

8. The Court has original jurisdiction over this action, and the action may be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

9. As set forth below, this is a putative class action in which: (1) Plaintiff alleges there are more than 100 members in the alleged class; (2) at least one member of the proposed class is a citizen of a different state than Home Depot; and (3) based upon the allegations in the Complaint, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A. Plaintiff's Proposed Class Consists of More Than 100 Members.

10. In the Complaint, Plaintiff purports to seek damages on behalf of himself and an alleged class including "[a]ll California citizens who, while located within California at any time during the applicable limitations period preceding filing of the Complaint in this matter and

1  through and including the date of resolution, received an outbound telephone call from one of
2  [Home Depot's] customer service numbers where the communication was transmitted between
3  two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless
4  telephones, or a cordless telephone and a cellular radio telephone, and engaged in a conversation
5  with Defendant's employee(s) or agent(s) and were recorded and/or monitored by Defendant
6  without any warning or disclosure at the call outset."  Complaint ¶ 21.

7  11.    Although Plaintiff alleges that the putative class consists of "at least seventy-five
8  individuals," (*Id*. at ¶ 26), Home Depot has reviewed its records and determined that
9  representatives from Home Depot's Repair Contact Center placed outbound telephone calls to
10 more than 100 individuals with phone numbers registered to California area codes between
11 October 19, 2021, and October 19, 2022. *See* Craig Sultan Declaration, ¶ 5.

12 12.    Accordingly, the aggregate number of members of the alleged class is greater than
13 100 for the purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.    Minimum Diversity Exists.**

15 13.    This Court has original jurisdiction under CAFA when the parties in a class action
16 are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original
17 jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of
18 $5,000,000, exclusive of interest and costs, and is a class action in which – (A) *any member of a*
19 *class of plaintiffs is a citizen of a State different from any defendant*") (emphasis added).

20 14.    Home Depot is, and was at the time it was served with the Complaint, a
21 corporation duly organized and validly existing under the laws of the State of Delaware, and
22 Home Depot maintains its principal place of business in Georgia.  Sultan Decl. at ¶ 4.  Home
23 Depot, therefore, is a citizen of Delaware and Georgia.

24 15.    Based on the allegations of the Complaint, Plaintiff is a citizen of California.  *See*
25 Complaint ¶ 6.  Likewise, Plaintiff's proposed class is limited to residents of California. *Id*. at ¶
26 21.

27 16.    Because at least one member of the putative class is diverse from at least one
28 defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

### C. The Amount in Controversy Requirement Is Satisfied.

17. Where a complaint does not specify the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied. 28 U.S.C. § 1446(c)(2)(B). The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet this standard. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

18. Plaintiff alleges that Home Depot has violated the California Invasion of Privacy Act, Cal. Penal Code § 632.7 ("CIPA") by "intentionally and surreptitiously record[ing] and/or monitor[ing] outbound telephone calls made from [Home Depot's] customer service numbers…without warning or disclosing to recipients of outbound calls that their calls might be recorded or monitored." Complaint ¶ 4. Specifically, Plaintiff alleges that he and the putative class members received outbound calls from Home Depot's customer service numbers, including (855) 284-3349 and (512) 977-2000, without receiving a warning that such calls were allegedly being recorded. *See id*. at ¶ 13. These phone numbers belong to Home Depot's Repair Contact Center. *See* Sultan Decl. at ¶ 5.

19. Plaintiff requests, pursuant to California Penal Code § 637.2, $5,000 in statutory damages per violation. Compl. at Prayer for Relief, (c). When aggregated across the entire putative class, this damages request exceeds $5 million in controversy, exclusive of interests and costs.

20. Home Depot's records reflect that between October 19, 2021, and October 19, 2022, its Repair Center representatives placed at least 2,700 outbound calls to individuals with a phone registered to a California area code. Sultan Decl. at ¶ 6. Therefore, based on Plaintiff's claimed statutory damages of $5,000 per call, the amount in controversy for Plaintiff's class allegations is at least $13,500,000 (calculated as: 2,700 calls x $5,000 in alleged statutory damages). This amount alone far exceeds CAFA's amount in controversy requirement.[1]

---

[1] The amounts set forth in this Notice of Removal are solely for purposes of demonstrating that the amount placed in

21. In addition to the above statutory damages, Plaintiff also seeks an award of attorneys' fees. Compl. at Prayer for Relief, (e). Awards of attorneys' fees also count towards the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) ("attorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant"). An award of attorneys' fees is statutorily authorized for civil suits under California Code of Civil Procedure § 1021.5. Therefore, Plaintiff's request for attorneys' fees should be included in the amount in controversy.

22. This Court has assumed that attorneys' fees should be based on a 25% contingency fee for the purpose of calculating the jurisdictional amount in controversy. *See Mendoza v. National Vision, Inc.*, 2019 WL 2929745 (N.D. Cal. July 8, 2019). Based on Plaintiff's statutory damages claim, and assuming a 25% contingency fee, the purported class theoretically could recover attorneys' fees of $3,375,000.

23. Based on these facts, the amount in controversy of this putative class action far exceeds $5,000,000.

### III. CONCLUSION

24. While Home Depot believes Plaintiff's claims fail on the merits and class certification is not appropriate in this action, based on Plaintiff's allegations, the amount in controversy in this matter (including, but not limited to, alleged compensatory damages and attorneys' fees) exceeds the jurisdictional threshold of $5 million set forth in 28 U.S.C. § 1332(d).

25. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

26. Defendant will, promptly after filing this Notice of Removal, in accordance with 28 U.S.C. 1446(d), give written notice of this Notice of Removal to all parties and will file a

---

controversy by the allegations in Plaintiff's Complaint exceeds the $5 million threshold and should not construed as an admission that Plaintiff can state a claim, certify the alleged class, or is entitled to damages in any amount. Home Depot denies liability, denies Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this matter.

1  copy of this Notice of Removal with the Clerk of the Court of the Superior Court of California,
2  County of San Francisco.
3      27.    Pursuant to Local Rule 3-15, a Certificate of Interested Entities or Parties is being
4  filed concurrently with this Notice of Removal.
5      28.    WHEREFORE, Defendant Home Depot respectfully requests that this action be
6  removed from the Superior Court of California, County of San Francisco, to the United States
7  District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441,
8  and 1453(b).
9      29.    Upon filing the Notice of Removal, Home Depot will furnish written notice to
10  Plaintiff, and will file and serve a copy of this Notice with the Clerk of the San Francisco County
11  Court, pursuant to 28 U.S.C. § 1446(d).

DATED: November 28, 2022        **KING & SPALDING LLP**

By: */s/ Anne M. Voigts*
    Anne M. Voigts
    Stewart Haskins II
    Misty L. Peterson

    *Attorneys for Defendant*
    *HOME DEPOT U.S.A., INC.*

NOTICE OF REMOVAL         6         Case No.
                                     3:22-cv-7487